# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALEXANDER WILLIAMS, by and through his Guardian, Conservator, and Next Friends, DOUGLAS WILLIAMS and LISA WILLIAMS; DOUGLAS WILLIAMS; and LISA WILLIAMS<br><br>    Plaintiffs,<br><br>v.<br><br>FULTON COUNTY SCHOOL DISTRICT, et al.,<br><br>    Defendants. | <br><br><br><br><br><br><br><br><br>CIVIL ACTION NO. 1:14-CV-00296-AT |
| GARRETT MASON LEE, by and through his Guardian, Conservator, and Next Friends, SHAYNE LEE,<br><br>    Plaintiff,<br><br>v.<br><br>FULTON COUNTY SCHOOL DISTRICT, et al.,<br><br>    Defendants. | <br><br><br><br><br><br>CIVIL ACTION NO. 1:14-CV-1399-AT |

# DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' EXPERT WITNESSES OR, IN THE ALTERNATIVE, MOTION TO EXTEND DEFENDANTS' DEADLINE TO DISCLOSE REBUTTAL EXPERTS AND PRODUCE EXPERT REPORTS

Defendants Fulton County School District ("FCSD"), Paula Merritt, Vicki Denmark, Ralph Lynch, James Wilson, Ronnie Wade, Stephanie Schuette, Harvey Beasley, William Thompson, Nancy Wadel, Dorothy Pettes, Nancy Schelley, Donna Faulkner, Emmett Shaffer, Cindy Kanner, Michael Vanairsdale, J. Randall Reece, Lance Young, Sara Ware, Karen Weinmann, and Sara McConnell, by and through their respective counsel, submit this Motion to Exclude Plaintiffs' Expert Witnesses or, in the Alternative, Motion to Extend Defendants' Deadline to Disclose Rebuttal Experts and Produce Expert Reports, showing this Court the following:

## I.  Overview of Discovery Deadlines.

On May 16, 2016, this Court entered two Scheduling Orders (Docs. 159 (*Williams*), 102 (*Lee*)). Those Scheduling Orders consolidated the above-styled cases for purposes of discovery and pre-trial motions and set the following discovery schedule:

    a. The fact discovery period ends on March 16, 2017.
    b. The parties must submit expert disclosures and reports by April 17, 2017, thirty-two days after the close of discovery.
    c. The parties must submit expert rebuttal reports and disclosures by May 17, 2017, thirty days after the initial disclosure of experts.

    d. The parties must complete all expert depositions by July 3, 2017, forty-seven days after the disclosure of rebuttal experts.
    e. The parties must contact the Court by July 5, 2017, within two business days after the deadline to take expert depositions, to arrange for a scheduling conference to discuss summary judgment motions.

On February 24, 2017, the parties filed a Joint Motion to Extend Discovery (Docs. 191 (*Williams*), 122 (*Lee*)), in which they asked this Court to extend the fact discovery period through and including June 5, 2017, and extend all other discovery deadlines proportionally. This Court granted the parties' Joint Motion to Extend Discovery on March 2, 2017. (Docs. 193 (*Williams*), 124 (*Lee*).) Based on that order, and applying the same number of days between each deadline as under the previous Scheduling Orders, the discovery schedule was modified as follows:

    a. The fact discovery period ends on June 5, 2017.
    b. **The parties must submit expert disclosures and reports by July 7, 2017.**
    c. The parties must submit expert rebuttal reports and disclosures by August 7, 2017.
    d. The parties must complete all expert depositions by September 25, 2017.
    e. The parties must contact the Court by September 27, 2017, to arrange for a scheduling conference to discuss summary judgment motions.

**II.    <u>Plaintiffs Did Not Disclose Their Experts in a Timely Manner.</u>**

On July 17, 2017, ten days after the deadline to submit expert disclosures and reports under this Court's March 2, 2017, Scheduling Orders, Plaintiffs filed

their Expert Witness Disclosures and Reports and Amendment to Initial Disclosures. (Docs. 208 (*Williams*), 131 (*Lee*).) In their July 17, 2017, filings, Plaintiffs identified two experts, Dr. Michael Mueller and Dr. Samuel Maddox. Two expert reports were attached to those filings. First, Plaintiffs submitted a report, dated July 17, 2017, from Dr. Mueller, which purports "to explain some of the damages and impact that Alex Williams and Garrett Lee incurred from a general learning, development, skill acquisition, and functional learning standpoint due to the severe abuse they were reported to have suffered in the Fulton County School District by Ms. Pickens at Hopewell Middle School." (Docs. 208-1 (*Williams*), 131-1 (*Lee*).) Second, Plaintiffs provided a report, dated May 29, 2012,[1] from Dr. Maddox, which discusses Alex Williams' "current developmental status and treatment needs due to exposure to trauma." (Docs. 208-3 (*Williams*), 131-3 (*Lee*).)

Prior to their untimely disclosure of their experts and their experts' reports, Plaintiffs did not state they intended to use any experts. In their respective Initial Disclosures, Plaintiffs stated, "At this time, Plaintiff *has not designated any expert witness in this case*. However, it is anticipated that Dr. Michael Mueller, Dr. Samuel Maddox, and Ms. Jean Estes, [*sic*] may be used as expert and fact

---

[1] Dr. Maddox issued his report over one year and eight months before the *Williams* Plaintiffs filed their lawsuit.

witnesses in this matter and that others may also be designated as experts in this matter." (Doc. 34 at 49 (*Williams*), Doc. 19 at 48 (*Lee*)) (emphasis added.) Plaintiffs did not amend their Initial Disclosures until July 17, 2017, after both fact discovery and the deadline for expert disclosure had elapsed.

Also, in Plaintiffs' Initial Disclosures in *Williams*, filed on June 24, 2014, Plaintiffs made this representation: "At this time, no report has been prepared for use in this matter regarding Alex Williams by [Dr. Michael Mueller, Dr. Samuel Maddox, or Ms. Jean Estes]." (Doc. 34 at 49.) That representation appears to be untrue, as evidenced by Dr. Maddox's May 29, 2012, report regarding Alex Williams.

In addition, on December 9, 2016, Plaintiffs served responses to FCSD's Interrogatories. (Ex. A.)  Interrogatory No. 8 asked Plaintiffs to identify any experts whose testimony they intend to rely. (*Id.*) Plaintiffs responded, "Plaintiffs have not at this time identified whom they will call as experts in this case." (*Id.*) Based on that unambiguous response, Defendants believed that, as of December 9, 2016, Plaintiffs had identified no expert witnesses. Plaintiffs have never supplemented or modified that response.

On January 20, 2017, Plaintiffs served responses to FCSD's First Continuing Requests for Production of Documents. The representations in that document,

5

which included the requests and responses listed below, again confirmed that Plaintiffs had not yet retained any expert witnesses:

> **Request No. 4**: Please provide copies of any reports, papers, notes or writings of any expert retained by you expected to testify at the trial of this case.
>
> *Response:* Plaintiffs have not yet retained any expert in this case. When they do, the experts will provide written reports, which will be produced.
>
> **Request No. 5**: Please produce all documents, charts, or other tangible things prepared by your expert in connection this lawsuit.
>
> *Response:* See response to request number 4 above.
>
> **Request No. 6**: Please provide all documents, data, and tangible things relied on, reviewed, or considered by you or your expert that are specifically referenced in your expert's opinion, report, summary, or analysis related to this case and related to all opinions, conclusions, or other testimony to be offered by said expert at the trial of this case.
>
> *Response:* See response to request number 4 above.

Copies of FCSD's requests and Plaintiffs' responses are attached, respectively, as Exhibits B and C. Plaintiffs never supplemented those responses to FCSD's Requests for Production of Documents.

### III. The Court Should Exclude Dr. Mueller and Dr. Maddox As Expert Witnesses and Strike Their Reports from the Record.

Under the Federal Rules of Civil Procedure, "a party must disclose to the other parties the identity of" any expert witness it intends to use at trial. Fed. R.

6

Civ. P. 26(a)(2)(A). Expert disclosures must occur "at the times and in the sequence that the court orders." *Id.* at 26(a)(2)(D). A party must also supplement or correct the disclosures under Rule 26(a) and its responses to interrogatories and requests for production "*in a timely manner* if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" *Id.* at 26(e)(1)(A) (emphasis added).

This Court's Local Rules further clarify the duty to disclose expert witnesses under Federal Rule 26(a)(2), providing:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.
>
> Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

L.R. 26.2(C). Federal Rule 37(c)(1) warns, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a

trial, unless the failure was substantially justified or is harmless." As this Court has noted, compliance with the rules governing the timely disclosure of expert witnesses "is not merely aspirational." *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, No. 1:15-CV-1422-AT, 2017 WL 1806384, at *2 (N.D. Ga. Feb. 1, 2017) (Totenberg, J.).

Plaintiffs' late disclosure of Dr. Mueller and Dr. Maddox and their expert reports violated the deadline to disclose experts under this Court's March 2, 2017, Scheduling Orders and contravened Plaintiffs' obligation under Local Rule 26.2(C) to designate their experts "sufficiently early in the discovery period." Plaintiffs in *Williams* submitted their Initial Disclosures on June 24, 2014, and represented that they had designated no experts. (Doc. 34.) In *Lee*, Plaintiff made the same representation in her Initial Disclosures (Doc. 19), which she submitted on September 1, 2014. Not until July 17, 2017, over three years after service of Plaintiffs' Initial Disclosures in *Williams* and two years and ten months after service of the *Lee* Initial Disclosures, did Plaintiffs finally designate Dr. Mueller and Dr. Maddox as expert witnesses and produce their reports. Meanwhile, Plaintiffs repeatedly responded to Defendants' interrogatories and requests for production by stating they had not yet identified any experts, all the while having

knowledge that one of those experts, Dr. Maddox, had already produced a report concerning Alex Williams on May 29, 2012.

Because Plaintiffs' expert disclosures were untimely, the question becomes whether the late disclosure was justified. Plaintiffs bear the burden of demonstrating that their late disclosures were justified. *Pate v. Veolia Transportation Servs., Inc.*, No. 1:15-CV-2425-CAP, 2016 WL 4546658, at *2 (N.D. Ga. May 23, 2016). "[T]he standard for striking untimely expert testimony is not whether the opposing party is prejudiced, but whether the proffering party's failure to comply was justified." *Durkin v. Platz*, 920 F. Supp. 2d 1316, 1328 (N.D. Ga. 2013). "[T]he appropriateness of a party's justification turns upon whether the party knew or should have known that an expert was necessary before the late stages of the discovery period." *Morrison v. Mann*, 244 F.R.D. 668, 673 (N.D. Ga. 2007).

Plaintiffs have offered no excuse for their untimely expert disclosures. As reflected by their statement in their Initial Disclosures in 2014 that they *might* retain Dr. Mueller or Dr. Maddox, Plaintiffs have known about the need for expert testimony since the beginning of this litigation. And Plaintiffs' counsel has had a long-standing professional relationship with both Dr. Mueller and Dr. Maddox. As Plaintiffs acknowledge in their recently filed expert disclosures, Dr. Mueller

Case 1:14-cv-00296-AT   Document 209   Filed 07/28/17   Page 10 of 15

testified during Alex Williams' administrative due process hearing in 2011. (*See* Docs. 208 at 3 (*Williams*), 131 at 3 (*Lee*).) Also, Dr. Mueller and Dr. Maddox testified in the companion case of *Marshall v. Pickens*, et al., No. 1:11-cv-1110 (N.D. Ga. Apr. 6, 2011), in which Ms. Vance was counsel. In addition, the *Williams* Plaintiffs have had Dr. Maddox's expert report in their possession since late May 2012.

The delay caused by Plaintiffs' untimely disclosure of their experts has hampered Defendants' ability to depose Dr. Mueller and Dr. Maddox and identify rebuttal experts. Those time constraints are exacerbated by Plaintiffs' inexplicable failure to produce or even identify the documents, data, or other materials reviewed by Dr. Mueller and Dr. Maddox in rendering their expert opinions even though (1) Defendants specifically requested that information during the discovery period; (2) Plaintiffs were aware of both experts at the time of submitting the responses to Defendants' Request for Production of Documents in January 2017; and (3) Plaintiffs' and their counsel were aware of Dr. Maddox's 2012 report. Only by obtaining an extension of the discovery period would Defendants be able to obtain the documents and data relied on by Dr. Maddox and Dr. Mueller, locate and retain an expert to review their reports and the information they relied on, have the rebuttal expert prepare a report, and depose Dr. Mueller and Dr. Maddox. That

10

delay, absent any justification from Plaintiffs, constitutes grounds to exclude Dr. Mueller and Dr. Maddox as experts and to strike their reports from the record. *See Luxottica Grp.*, 2017 WL 1806384, at *4.

## IV.   Conclusion.

Plaintiffs violated this Court's March 2, 2017, Scheduling Order by failing to disclose their experts and produce expert reports by the deadline of July 7, 2017. Plaintiffs also violated their obligations under the Federal Rules and Local Rules to designate their experts sufficiently early in the litigation. Plaintiffs cannot justify that delay. Those violations, therefore, are grounds to exclude Dr. Mueller and Dr. Maddox as expert witnesses, strike their reports from the record, and prohibit Plaintiffs from relying on their testimony at trial or in opposing Defendants' forthcoming motions for summary judgment.

Alternatively, if this Court is unwilling to exclude Dr. Mueller and Dr. Maddox or strike their reports, Defendants ask that they be given thirty (30) days from the date this Court rules on this Motion to designate any rebuttal experts and forty (40) days from that ruling to produce any rebuttal expert reports.

Respectfully submitted this 28th day of July, 2017.

/s/*Brandon O. Moulard*
Charles T. Huddleston
Georgia Bar No. 373975
Brandon O. Moulard
Georgia Bar No. 940450
Melody P. Bray
Georgia Bar No. 252011
*Attorneys for Fulton County School District, Paula Merritt, Vicki Denmark, Ralph Lynch, James Wilson, Ronnie Wade, Stephanie Schuette, Harvey Beasley, William Thompson, Nancy Wadel, Dorothy Pettes, Nancy Schelley, Donna Faulkner, Emmett Shaffer, Cindy Kanner, Michael Vanairsdale, J. Randall Reece, Lance Young, Sara Ware, Karen Weinmann, and Sara McConnell*

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Phone:  (404) 322-6000
Fax:  (404) 322-6050
charles.huddleston@nelsonmullins.com
brandon.moulard@nelsonmullins.com
melody.bray@nelsonmullins.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

This 28th day of July, 2017.

                                          */s/* BRANDON O. MOULARD
                                          Charles T. Huddleston
                                          Georgia Bar No. 373975
                                          Brandon O. Moulard
                                          Georgia Bar No. 940450
                                          Melody P. Bray
                                          Georgia Bar No. 252011
                                          *Attorneys for Fulton County School District, Paula Merritt, Vicki Denmark, Ralph Lynch, James Wilson, Ronnie Wade, Stephanie Schuette, Harvey Beasley, William Thompson, Nancy Wadel, Dorothy Pettes, Nancy Schelley, Donna Faulkner, Emmett Shaffer, Cindy Kanner, Michael Vanairsdale, J. Randall Reece, Lance Young, Sara Ware, Karen Weinmann, and Sara McConnell*

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Phone:  (404) 322-6000
Fax:  (404) 322-6050
charles.huddleston@nelsonmullins.com
brandon.moulard@nelsonmullins.com
melody.bray@nelsonmullins.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2017, I served a copy of **DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' EXPERT WITNESSES OR, IN THE ALTERNATIVE, MOTION TO EXTEND DEFENDANTS' DEADLINE TO DISCLOSE REBUTTAL EXPERTS** via CM/ECF notification to the following:

Chris Vance, Esq.
Office of Chris E. Vance, P.C.
2415 Oak Grove Valley Rd., Ste 100
Atlanta, GA 30345

Lawrence B. Domenico, Esq.
Mozley, Finlayson & Loggins, LLP
5605 Glenridge Dr., Ste. 900
Atlanta, GA 30342-1386

John D. Wales, Esq.
Barbara M. Heyne, Esq.
Law Offices of John D. Wales
600 Village Trace, Suite 175
Marietta, GA 30067

/s/*Brandon O. Moulard*
Charles T. Huddleston
Georgia Bar No. 373975
Brandon O. Moulard
Georgia Bar No. 940450
Melody P. Bray
Georgia Bar No. 252011
*Attorneys for Fulton County School District, Paula Merritt, Vicki Denmark, Ralph Lynch, James Wilson, Ronnie Wade, Stephanie Schuette, Harvey Beasley, William Thompson, Nancy Wadel, Dorothy Pettes, Nancy Schelley, Donna Faulkner, Emmett Shaffer, Cindy Kanner, Michael Vanairsdale, J. Randall Reece, Lance*

*Young, Sara Ware, Karen Weinmann, and Sara McConnell*

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW / Suite 1700
Atlanta, GA  30363
Phone:  (404) 322-6000
Fax:  (404) 322-6050
charles.huddleston@nelsonmullins.com
brandon.moulard@nelsonmullins.com
melody.bray@nelsonmullins.com